UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CRYSTAL L. MUNDELL, | ) |
| Plaintiff | ) ) ) |
| vs. | ) CASE NO. 2:23-cv-237 ) |
| PROVIDENCE HEALTH CARE, INC., | ) ) |
| Defendant | ) |

***PLAINTIFF'S COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF AND REQUEST FOR TRIAL BY JURY***

Comes now Plaintiff Crystal L. Mundell (hereinafter "Mundell"), by counsel, and for her claims against the Defendant Providence Health Care, Inc. (hereinafter "Providence"), alleges and says:

### I.  FACTUAL ALLEGATIONS

1. Mundell is a resident of West Terre Haute, Vigo County, Indiana.

2. Providence is located in St. Mary of the Woods, Vigo County, Indiana. On its official website, Providence describes itself as "a skilled nursing facility located just 10 minutes from downtown Terre Haute. We offer short term rehab, long term care, assisted living, and outpatient therapy."

3. Providence hired Mundell to work for it in its Housekeeping Department in the Fall of 2015. Mundell was a full time employee. She generally worked 40 or more hours per week and was last paid at the rate of $14.00 per hour. Mundell did good work for Providence and met all of its reasonable expectations.

4. Providence wrongfully terminated Mundell's employment on May 1, 2023 while

1

Mundell was exercising her right to medical leave under the Family and Medical Leave Act ("FMLA").

5. Mundell is pursuing claims against Providence for its violations of her rights under the FMLA based upon her need to take up to twelve weeks of medical leave to treat and recover from her own serious health condition - Stage II breast cancer. Mundell's FMLA claims include claims against Providence for violation of her substantive rights (e.g., interference with and refusal to allow Mundell's right to use FMLA leave) and for Providence's discrimination and retaliation against Mundell for her use of her FMLA rights, which is legally protected activity.

6. Mundell was diagnosed with Stage II breast cancer on or about March 30, 2023. She advised her Providence supervisors of her cancer diagnosis and need for medical leave and obtained certification paperwork for FMLA leave. Mundell had her treating physician, Dr. Kunapareddy, complete her FMLA certification and the FMLA certification paperwork was turned in and approved by Providence in mid-April 2023. Mundell is undergoing significant medical treatment for her cancer and is scheduled for at least one upcoming surgery. She will need up to twelve weeks of medical leave.

7. Mundell began her period of medical leave and treatment protected by the FMLA in April 2023. When Mundell was wrongfully terminated on May 1, 2023, Mundell had at least two-thirds of her approved FMLA leave remaining and available to her.

8. As described above, Mundell is and was eligible for FMLA leave and was approved by Providence to use up to twelve weeks of FMLA leave in 2023. At the time she certified her right and eligibility for FMLA leave, Mundell worked for an employer with more than 50 employees working for it within a 75 mile radius, Mundell had been employed by

Providence for far more than one calendar year, and Mundell worked far more than 1,250 hours for Providence in the twelve months preceding her FMLA certification.

9. In the days prior to Mundell's May 1, 2023 termination, Providence's Administrator, Mandy Lynch, and Providence's Human Resources Coordinator, Shelby Wright, both communicated with Mundell about Mundell's plan to pay her employee share of her employer-provided health insurance coverage. Both Lynch and Wright told Mundell that she would be terminated if she did not pay this employee portion of the employer-provided health insurance. Mundell told Lynch and Wright that she did not have any income and had no ability to pay the employee share. Certainly it is foreseeable that Mundell was at risk that her employer-provided health care may lapse at some point in time if the employee-share of premiums were not paid, but her participation in the employer-provided health insurance plan was not a condition of her employment and was certainly not a legal basis for Providence to terminate Mundell or otherwise violate Mundell's FMLA right to protect her position of employment for up to twelve (12) weeks. Here, rather than maintain Mundell's health insurance coverage, Providence, acting through Lynch and Wright, terminated Mundell's employment and used Mundell's non-payment of an employee share of employer-provided health insurance as its excuse for termination.

10. Shelby Wright provided Mundell a very brief termination letter (addressed to no one) that said only "Crystal Mundell is no longer employed at Providence Health Care." The notice is dated May 1, 2023.

11. To provide further proof of Providence's violation of Mundell's substantive FMLA rights, as well as Providence's acts of discrimination and retaliation against Mundell for exercising her FMLA rights, there had been a period of time earlier in Mundell's own Providence

employment that Providence failed to deduct Mundell's employee share of her health insurance premium from Mundell's wages. Providence arranged for Mundell's health insurance to remain intact and later deducted increments to repay Providence for the advance employee-share of the health insurance premiums that Providence itself had made. During this time that Providence allowed Mundell to repay the premiums, Mundell was not sick with cancer. Tellingly, Providence did not afford a similar luxury and advance the employee share of Mundell's health insurance premiums when Mundell made her cancer known and exercised her right to take up to twelve weeks of FMLA leave for treatment, surgery and recovery.

12.     As described above, Mundell still had significant available FMLA leave time when she was terminated on May 1, 2023. She has certainly not come close to exhausting her twelve weeks of annual FMLA leave.

13.     All of Providence's reasons for harming Mundell in her employment and terminating her employment are illegal and violate the FMLA. Mundell has been significantly harmed by Providence's violations of her substantive FMLA rights, along with Providence's acts of interference, discrimination and retaliation. Mundell is seeking all lost wages and benefits, all liquidated damages, reinstatement and/or front pay and benefits, payment of all of her reasonable attorney's fees, costs and expenses, plus any equitable relief which would make her whole.

## II.  JURISDICTION AND VENUE

14.     Mundell's Complaint raises federal questions of law and this Court has jurisdiction over the subject matter of this complaint pursuant to 28 USC § 1331 and under 29 USC § 2611 et seq.

15.     This Court is the appropriate venue for this cause of action as Mundell worked for

Providence in Vigo County, Indiana.  28 USC § 1391.

### III.  FAMILY AND MEDICAL LEAVE ACT CLAIMS

16. Mundell incorporates herein by reference paragraphs 1 - 15 above.

17. Providence is an "employer" as that term is defined under the FMLA.

18. By way of this Complaint, Mundell asserts that she is a covered and eligible employee under the Family and Medical Leave Act (hereinafter "FMLA"), who worked at least one thousand two hundred and fifty (1,250) hours in the twelve (12) months preceding her notice to Providence that she would need to take medical leave covered by the FMLA.  Moreover, Mundell had worked well over one year for Providence prior to the time she told her supervisors of her need for medical leave that would be covered by the FMLA.

19. Mundell's eligibility for leave under the FMLA stems from her employment at Providence. Providence has and had far more than fifty (50) employees working for it within a seventy-five (75) mile radius of the Vigo County, Indiana facility where Mundell worked. Providence was and is an employer under the definition of the FMLA and Mundell was an eligible employee with Providence.

20. Mundell's own serious health condition - cancer - necessitated her need for continuing medical treatment and medical leave. Mundell certainly properly notified her supervisors that she needed this medical leave to care for her own serious health condition.

21. Providence wrongfully and illegally violated Mundell's substantive FMLA rights and interfered with Mundell's right to use her FMLA leave to protect and preserve her employment, particularly as Providence refused to preserve Mundell's employment and is refusing to permit Mundell to return to employment when her medical leave ends.

22. Providence wrongfully discriminated against and retaliated against Mundell for using the FMLA to care for herself while trying to protect and preserve her own employment.

23. As a direct and proximate result of Providence's conduct, Mundell has sustained substantial economic losses, including, but not limited to, career damage and past and future loss of wages and other economic benefits. By way of this Complaint, for Providence's violations of the FMLA, Mundell is seeking all available damages, including, but not limited to, liquidated damages, back pay and benefits, reinstatement or front pay and benefits, all of her attorney's fees, costs and expenses, and any other available damages necessary to remedy Providence's violations of Mundell's rights under the FMLA.

24. Mundell was wrongfully terminated from her employment with Providence while (and for) attempting to exercise her right to use FMLA leave. Mundell's exercise of her FMLA rights was a primary factor which improperly motivated Providence to terminate her employment. Said wrongful termination of Mundell's employment is prohibited by 29 U.S.C. § 2615.

### IV.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Crystal L. Mundell respectfully requests that the Court enter judgment against Defendant Providence Health Care, Inc. and issue all available relief to her, including, but not limited to, the following:

1. All damages available under the FMLA, including all back pay and benefits, all available liquidated damages, reinstatement and/or front pay and benefits, and payment of all reasonable attorney's fees, costs and expenses;

2. Costs;

3. Pre-judgment interest, if available; and

4. Any and all other relief just and proper in the premises.

    Respectfully submitted,

    HASSLER KONDRAS MILLER LLP

    By /s/Robert P. Kondras, Jr.
      Robert P. Kondras, Jr.
      Attorney No. 18038-84
      100 Cherry Street
      Terre Haute, IN 47807
      (812) 232-9691
      (812) 234-2881 Facsimile
      kondras@hkmlawfirm.com

## *REQUEST FOR TRIAL BY JURY*

Comes now Plaintiff Crystal L. Mundell, by counsel, and requests a trial by jury on all issues which may be tried to a jury.

    Respectfully submitted,

    HASSLER KONDRAS MILLER LLP

    By /s/Robert P. Kondras, Jr.
      Robert P. Kondras, Jr.
      Attorney No. 18038-84
      100 Cherry Street
      Terre Haute, IN 47807
      (812) 232-9691
      (812) 234-2881 Facsimile
      kondras@hkmlawfirm.com